Mr. Fred W. Baggett General Counsel Florida Association of Court Clerks Post Office Box 1457 Tallahassee, Florida 32302
Dear Mr. Baggett:
This is in response to your request for an opinion on the following question:
 ARE FINAL ORDERS OF ADOPTION ISSUED PURSUANT TO CH. 63, F.S., SUBJECT TO BEING REQUIRED TO BE RECORDED IN THE OFFICIAL RECORDS PURSUANT TO s 28.222, F.S.?
Your request on behalf of the Florida Association of Court Clerks states that at least one clerk of the circuit court is being required by a circuit judge to record all final judgments of adoption even though the judgment contains the name of the adopted child as well as substantial factual information relating to the child, its natural and adoptive parents, and the circumstances surrounding the adoption. In the material submitted with your letter you have included copies of eleven `final judgments of adoption' from which it appears that such judgments are being recorded in the Eighth Judicial Circuit in and for Alachua County, with only the name of the adoptee excised.
Although your question is founded on s 28.222, F.S., I apprehend that s 28.29, F.S., is the governing statute controlling the question at hand for the following reasons. As set forth in s28.29, F.S., all final judgments in civil actions (including final judgments of adoption) must be recorded in the official records, as well as other orders entered by the court in adoption proceedings if so directed in writing by the court. An examination of the legislative history of s 28.29, F.S., reveals that the present statute is derived from ss 1-3, Ch. 23825, 1947 Laws of Florida; s 3, Ch. 71-4, F.S., and s 2, Ch. 72-320, F.S. Section 1, Ch. 23825, 1947, Laws of Florida, provides inter alia, that orders of dismissal, final judgments or decrees in any action at law or suit in equity shall be recorded in the Minutes of the Court or the Chancery Order Book. Chapter 71-4, Laws of Florida, substantially reworded this section to state, among other things, that `[o]rders of dismissal and final judgments of the courts in civil actions shall be recorded.' In 1972, s 28.29, F.S., was amended to require that orders of dismissal and final judgments of the courts in civil actions be recorded in the Official Records. Section 2, Ch. 72-320, Laws of Florida. The amendment and revision of this section as shown herein, reflect the transition from recording orders and judgments in the Minutes of the Court or Chancery Order Book to the recording of such documents in the Official Records. The consolidated Official Records has, in effect, been substituted for the Minutes of the Court in actions at law and for the Chancery Order Book for equity actions and orders and final judgments in civil actions are to be recorded therein.
Pursuant to Fla.R.Civ.P. 1.040, there shall be one form of action of a civil nature, i.e., a `civil action.' Included within the scope of these rules are all actions of a civil nature and all special statutory proceedings in the circuit and county courts with certain exceptions. Fla.R.Civ.P. 1.010. All civil actions (except ancillary proceedings) are commenced with the filing of a complaint or petition. Fla.R.Civ.P. 1.050. See, s 63.102(1), F.S., which provides inter alia, that an adoption proceeding shall be commenced by filing a petition as described therein in the circuit court. And see, s 63.122, F.S., regarding the notice of hearing on the petition for adoption and stating in subsection (2) that `[n]otice of hearing shall be given as prescribed by the rules of civil procedure, and service of process shall be made as specified by law for civil actions.' It would appear from an examination of Ch. 63, F.S., read in conjunction with the rules of civil procedure, that an adoption proceeding is a special statutory proceeding of a civil nature in the circuit court and, except as specifically provided in Ch. 63, F.S., is subject to the rules and general statutory provisions, including the recordation requirements of s 28.29, F.S., as is any other action of a civil nature not excepted therefrom.
The provisions of s 28.29, F.S., are all-inclusive with respect to judgments and orders in civil proceedings and no exception is made for final judgments of adoption, final orders of adoption or other orders entered in adoption proceedings from the recordation requirements of this section. The provisions of s 63.162, F.S. (1982 Supp.), to which you refer in the memorandum of law accompanying this request, essentially deal with the inspection of adoption records and limitations on such inspection and with disclosures from such records. Nothing in this section mentions or pertains to the recordation of final judgments of adoption, final orders of adoption or other orders entered in adoption proceedings in the official records and in no way does this section except or exempt such adoption judgments or orders from the operation of s28.29, F.S.
Chapter 63, F.S., regarding adoptions, states that it is the legislative intent `to protect and promote the well-being of persons being adopted and their natural and adoptive parents and to provide to all children who can benefit by it a permanent family life.' Section 63.022(1), F.S. (1982 Supp.). Among other statutory safeguards established by the Legislature to facilitate and accomplish the expressed intent of this chapter, a provision is included which makes the records of all proceedings regarding the custody and adoption of children confidential except as provided in s 63.162, F.S. (1982 Supp.). See, s 63.022(2)(j), F.S. (1982 Supp.). And see, s 119.07(3)(a), F.S. (1982 Supp.), providing that all public records which are made confidential by law or which are prohibited from being inspected by the public, by either general or special law, shall be exempt from the inspection and examination requirements of s 119.07(1), F.S. (1982 Supp.).
Section 63.162(2) and (3), F.S. (1982 Supp.), deals with the allowable inspection of and limitation on inspection of adoption papers and records, whether a part of the permanent record of the court or a part of a file in the Department of Health and Rehabilitative Services or in any licensed child-placing agency, and with the indexing of the court files, records and papers in proceedings involving the adoption of minors. Pursuant to subsection (2) of s 63.162, F.S. (1982 Supp.), notwithstanding any other law concerning records:
 All papers and records pertaining to the adoption, including the original birth certificate, whether part of the permanent record of the court or of a file in the Department of Health and Rehabilitative Services or in any agency, are subject to inspection only upon order of the court; however, the petitioner in any proceeding for adoption under this chapter may, at the option of the petitioner, make public the reasons for a denial of the petition for adoption. Such order shall specify which portion of said records are subject to inspection, and may exclude the name and identifying information concerning the natural parent or adoptee. In the case of a nonagency adoption, the department shall be permitted to present to the court a report on the advisability of disclosing or not disclosing information pertaining to the adoption. In the case of an agency adoption, the agency shall be permitted to present to the court a report on the advisability of disclosing or not disclosing information pertaining to the adoption. Nothing in this subsection shall be construed to mean that the department shall not have the right to inspect and copy any official record pertaining to the adoption that is maintained by the department and that any licensed child-placing agency shall not have the right to inspect and copy any official record pertaining to the adoption that is maintained by the agency. (e.s.)
Section 63.162(3), F.S. (1982 Supp.), provides:
 The court files, records, and papers in adoption of minors shall be indexed only in the name of the petitioner, and the name of the minor shall not be noted on any docket, index, or other record outside the court file, except that closed agency files may be cross-referenced in the original and adoptive names of the minor.
Subparagraph (4)(d) of s 63.162, F.S. (1982 Supp.), provides that no person may disclose from the records the name and identity of a natural parent, an adoptive parent or an adoptee without the written authorization or consent of such person or persons as set out in s 63.162(4)(a)-(c), F.S. (1982 Supp.), or upon order of the court for good cause shown. See also, s 63.162(6), F.S. (1982 Supp.); and see, s 119.07(2)(a), F.S. (1982 Supp.), which provides that any custodian of public records who has custody of public records and who asserts that an exemption provided in s 119.07(3), F.S. (1982 Supp.), or in a general or special law applies to a particular record shall delete or excise from the record only that portion of the record for which an exemption is asserted and shall produce for inspection and examination the remainder of such record.
Section 63.022(2)(j), F.S. (1982 Supp.), makes the records of all proceedings concerning the custody and adoption of children confidential, except as provided in s 63.162, F.S. (1982 Supp.), and, to that extent such records fall under the provisions of s119.07(3)(a), F.S. (1982 Supp.), and are exempted from public inspection and examination. As the custodian of such records (including final judgments or orders of adoption or those portions thereof as may be recorded in the official records) the several court clerks are obligated to maintain the confidentiality of such records and deny inspection and examination thereof or such portions of these records as are made confidential by s63.022(2)(j), F.S. (1982 Supp.). Inspection of records in adoption proceedings which is not authorized or required by order of the court pursuant to s 63.162, F.S. (1982 Supp.), must be denied by the court clerks and the provisions of s 119.07(2)(a), F.S. (1982 Supp.), must be complied with prior to producing the remaining unprotected portions of such records, if any, for inspection and examination. The provisions of ss 63.022(2)(j), F.S. (1982 Supp.), and 63.162, F.S. (1982 Supp.), have nothing to do with the recordation of final judgments of adoption or other adoption orders in the official records as provided for in s 28.29, F.S., and these statutory provisions do not make manifest any legislative intent to except or exempt final judgments or final orders of adoption from the recordation requirements of s 28.29, F.S. Therefore, final judgments or orders of adoption would appear to be subject to the recordation requirements of s 28.29, F.S.
Pursuant to s 63.162(3), F.S. (1982 Supp.), court files, records and papers in proceedings for the adoption of minors must be indexed only in the name of the petitioner and no note of the name of the minor is to be made on any docket, index or other record outside the court file. An exception to this requirement is made for closed agency files which may be referenced and cross-referenced in the names of the minor before and after adoption. Section 63.162(3), F.S. (1982 Supp.).
In sum, it is my opinion, until and unless legislatively or judicially determined otherwise, that final judgments or final orders of adoption are not excepted from the provisions of s28.29, F.S., which require the clerk of circuit court to record final judgments of the courts in civil actions in the official records, as well as other orders in adoption proceedings when so directed in writing by the court. However, any such adoption judgments or orders must be indexed only in the name of the adoption petitioner and the name of the adopted minor shall not be noted on any docket, index or other record outside the court file.
Sincerely,
Jim Smith, Attorney General
Prepared by: Gerry Hammond, Assistant Attorney General